## Case No. 9,299.

MATTOCKS et al. v. LOVERING et al.

[1 Law & Eq. Rep. 401.] [1]

Circuit Court, D. Massachusetts. April 4, 1876.

BANKRUPTCY—DEBTOR BUYING CLAIM — SET-OFF.

A debtor buying a claim against the bankrupt after known insolvency and contemplated bankruptcy of his creditor, cannot set off the claim against his debt. In such a case the debtor can only prove his claim and receive a dividend thereon, as his assignor could have done.

Bill in equity by the assignee in bankruptcy of Norris, Hall & Co., alleging the following facts: Norris. Hall & Co., the bankrupt, failed before February 10, 1874. On that day a meeting of the creditors was held at which a member of the firm of Stoddard, Lovering & Co. was appointed one of a committee of creditors to determine whether Norris, Hall & Co. should be put into bankruptcy. Stoddard, Lovering & Co. held notes of Norris, Hall & Co. to the amount of $476.-23. Geo. W. Cady & Co. were indebted to Norris, Hall & Co. in the sum of $4942.30. On the 11th of February, the next day after the meeting of the creditors, Stoddard, Lovering & Co. made a colorable sale of the notes held by them to Cady & Co., and received therefor the notes of Cady & Co., nearly equal in amount to the notes of Norris. Hall & Co. sold to Cady & Co. A petition for adjudication in bankruptcy against Norris. Hall & Co. was filed February 25th. Adjudication was had March 17th, and the as-

signees were appointed April 17th, 1874. Cady & Co. have attempted to off-set the notes thus purchased by them against their indebtedness to the firm of Norris Hall & Co. The bill in equity against Stoddard, Lovering & Co. prayed that the sale to Cady & Co. might be decreed to have been in fraud of the bankrupt act [of 1867 (14 Stat. 517)] and of the rights of the assignees and the creditors, and that they might be decreed to hold the notes of Cady & Co., and any sums received in payment of them, as trustees for the assignees and creditors, and to pay to the assignees the full amount of the debt owing by Cady & Co. to the bankrupt, less the dividend which Stoddard, Lovering & Co. would have received on their claim, if proved in bankruptcy against the estate of Norris, Hall & Co. There was a demurrer to the bill.

SHEPLEY, Circuit Judge, held, that a court of equity would not enforce any off-set of the claim purchased by Cady & Co. against the claim of the assignees of Norris, Hall & Co. upon Cady & Co. A court of equity would not allow a debtor, after known insolvency and contemplated bankruptcy of his creditor, by the purchase of his out-standing liabilities, to absorb, perhaps, the whole assets of the bankrupt in the entire payment of one portion of his liabilities, leaving the balance of the debts without any dividend. thus defeating that equal distribution of the assets among all the creditors. The result was that Stoddard, Lovering & Co. had a right to sell their demands to Cady & Co., who in equity succeeded to the rights only which Stoddard, Lovering & Co. had to prove their debt and receive a dividend, but could not in equity claim to set-off the debt to Stoddard, Lovering & Co. against the debt due from Cady & Co. to the assignees of the bankrupt estate. Bill dismissed without costs to either party.

[NOTE. The court subsequently vacated the order for dismissal, and allowed the case to stand on the docket. The complainants then moved to amend, on the ground that an actual sale was made by the defendants, which enabled a set-off to be made, and by means of which the defendants gained an undue advantage. The motion for this amendment was denied, and the bill dismissed without costs. 3 Fed. 212.]